IN THE UNITED STATES OF DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 0 3 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Respondent § | |
| § | |
| vs. § | C.A. B-02-075 |
| § | |
| JOAQUIN LOZANO-GUTIERREZ, § | |
| Petitioner § | |
| (C.R. NO. B-01-411) § | |

GOVERNMENT'S RESPONSE AND MOTION TO DISMISS
PETITIONER'S MOTION FOR RELIEF UNDER 28 U.S.C. § 2255

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, "the government," files this response and motion to dismiss Petitioner's Joaquin Lozano-Gutierrez (hereinafter referred to as "Lozano") motion for relief under 28 U.S.C. §2255. In support thereof, the government would show the Court the following:

I.

JURISDICTION

On August 14, 2001, the Grand Jury for the United States District Court for the Southern District of Texas, Brownsville Division, filed an indictment, Criminal Case No. B-01-CR-411, in which Lozano was charged with escaping from federal custody in violation of 18 U.S.C. §751(a) (DOC 1). On October 4, 2001, Lozano pled guilty to the indictment (DOC 6; PSR 3). Lozano's sentence was imposed on December 19, 2001. The court found that Lozano's total offense level was seven and his criminal history score placed him in criminal history category VI. Lozano

faced a Guideline range of between 15-21months imprisonment (PSR 69). The district judge ordered Lozano to serve the minimum sentence of fifteen (15) months confinement that was to be followed by a three-year term of supervised release. The district court ordered the instant sentence to run concurrently with the undischarged term in B-97-286. Lozano's judgement of conviction was entered on December 21, 2001 (DOC 13).

Lozano did not directly appeal his conviction or sentence. Consequently, Lozano's judgement of conviction and sentence became final on December 31, 2001(ten days past the entry of his judgement). *United States v. Johnson*, 246 F.3d 655, 657 (6th Cir. 2001)(for purposes of §2255, conviction becomes final at conclusion of direct review).

Lozano timely invoked this Court's jurisdiction under 28 U.S.C. §2255 on April 15, 2002.

II.

## STATEMENT OF FACTS

On March 10, 1998, Lozano was sentenced to fifty-five (55) months imprisonment with the Bureau of Prisons for his conviction for possession with intent to distribute 814.6 grams of cocaine (PSR 4). On April 9, 2001, Lozano was placed at the Reality Halfway House in Brownsville Texas. He was scheduled for release on October 5, 2001. However, on July 20, 2001, Lozano failed to return to the House after work. The next day, Lozano called the House and reported that

he was en route back to the House. He did not show up. Ultimately, on July 26, 2001, Lozano turned himself in to authorities at his sister's house in Brownsville, Texas (PSR 6, 7, 8).

In relevant part, the Probation Officer computed 13 criminal history points, resulting in a criminal history category VI (PSR 36). Lozano's significant criminal history is comprised of drug, weapon and violent offenses. Also noted in the PSR under "Other Criminal Conduct" was the complained of herein, May 9, 1980, "Possession of a Prohibited Weapon" and the June 28, 1991 "Unlawfully carrying a Weapon" charges, neither of which resulted in additional criminal history points (PSR 37, 38). Lozano objected to his criminal history score as over-representing his true criminal history (PSR Add.). This objection was denied. On December 19, 2001, he was sentenced to a fifteen-month term of imprisonment, the Guideline minimum, to run concurrently with his sentence in B-97-286, 3 years supervised release, and a $100.00 special assessment. Apparently unbeknownst to the district court at the time, according to Stacey Plummer, Legal Instruments Examiner with the Bureau of Prisons, Lozano's original sentence in B-97-286 was discharged on November 22, 2001.

III.

GROUNDS FOR RELIEF

In his motion for relief under 28 U.S.C. § 2255, Lozano advances the following issue:

(1) Whether Lozano's plea agreement called for a sentence of between 0-6 months, and whether his plea was involuntary;

(2) Whether Lozano's PSR included "wrongful information" relating to the offenses described in PSR paragraphs 37 and 38 resulting in an improper increase in his sentence; and

(3) Whether the Bureau of Prisons is honoring the sentence imposed by the district court.

IV.

## GOVERNMENT'S RESPONSE AND MOTION TO DISMISS

A. General Standard of Review for 28 U.S.C. §2255.

To be entitled to relief under 28 U.S.C. §2255, a defendant must show that a violation of his constitutional rights or that a narrow range of injuries that could not have been raised on direct appeal has occurred that would result in a complete miscarriage of justice. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995), *cert denied*, 516 U. S. 1165 (1996). When constitutional issues are raised for the first time on collateral review, a movant must establish both cause for his procedural default and actual prejudice resulting from the error. *Id.* at 934. Absent unusual circumstances, ineffective assistance of counsel, if shown, is sufficient to overcome a procedural default. *Id.* (citing *United States v. Acklen*, 47 F.3d 739, 742 [5th Cir. 1995]).

V.

## LOZANO'S BURDEN

Lozano's first hurdle is that of "cause and prejudice". *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584 (1982)(holding "plain error" incorrect standard for §2255 and requiring "cause and prejudice" standard). Lozano must first show cause that would excuse his failure to raise this claim on direct appeal and actual prejudice from the error that he now alleges. The motion should be denied and dismissed under Rule 8(a) of the rules foll. 28 U.S.C. §2255 inasmuch as he offers insufficient cause and prejudice for obtaining review on collateral attack. See, e.g., *United States v. Shaid*, 937 F.2d 228, 231-232 and n.7 (5th Cir. 1991) (en banc) (constitutional or jurisdictional issue reviewable for first time on collateral attack only if the movant demonstrates cause for his procedural default and actual resulting prejudice or that the uncorrected error would result in a complete miscarriage of justice).

An allegation of "miscarriage of justice" warrants collateral review where a constitutional violation has alleged to have caused the conviction of one innocent of the crime. *McCleskey v. Zant*, 499 U.S. 467, 495, 111 S.Ct. 1454, 1470 (1991); *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 2643 (1986). "The 'cause' standard requires [the movant] to show that 'some objective factor external to the defense' prevented him from raising on direct appeal the claim he now advances." *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996) (quoting *Romero v.*

*Collins*, 961 F.2d 1181, 1183 [5th Cir. 1992] which in turn quotes *Murray*, 477 U.S. at 488, 106 S.Ct. at 2645). "Objective factors that constitute cause include: (1) interference by officials that makes compliance with the procedural rule impracticable; (2) a showing that the factual or legal basis for the claim was not reasonably available to [the Petitioner] at the prior occasion; and (3) ineffective assistance of counsel in the constitutional sense." *Id.* The "cause" proffered by Lozano was that he only recently learned of the incorrect information contained in his PSR. Lozano's claimed delayed knowledge of these "facts" fails to sustain Lozano's burden to demonstrate cause for failure to bring the issue on direct appeal. "Ineffective assistance", if demonstrated, may satisfy the "cause" prong of his burden. Lozano argues that his attorney should have provided him with a copy of the PSR and discovered that his prior convictions in paragraph 37 and 38 in the PSR were incorrectly stated. Lozano does not allege how they are incorrect. Lozano does not allege that his counsel was ineffective for failing to file notice of appeal or for failing to directly appeal on the instant issues.

Lozano alleges that: (1) he suffered "prejudice" as a result, in that PSR's rendition of his prior convictions were incorrect and therefore resulted in a sentence greater than that to which he should have been exposed; (2) further, (inferentially) that he would not have plead guilty had he known that the district court was not bound by the plea agreement providing for a sentence of between 0-6 months imprisonment; and (3) and finally, that the district court's failure to

comply with the plea agreement's sentence recommendation rendered his plea involuntary. As discussed later herein, the factual premises underlying Lozano's complaints is belied by the record thus precluding any potential prejudice to Lozano.

To avoid the consequences of a dismissal by applying the fundamental-miscarriage-of-justice exception to Rule 9(b) foll. 28 U.S.C. §2255, a movant must demonstrate, as a factual matter, that he did not commit the crime of conviction. *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 861, 867 (1995); *Ward v. Cain*, 53 F.3d 106, 107 (5th Cir. 1995) (citing *Schlup*). Stated differently, the movant must demonstrate that the failure to consider his claim will result in his continued incarceration though innocent. *See Saahir v. Collins*, 956 F.2d 115, 120 (5th Cir. 1992); *United States v. Espinoza*, 82 F.3d 640, 642 (5th Cir.1996) (citing *Saahir*). Lozano does not allege he is innocent. He, therefore, fails the "prejudice" prong of his "cause and prejudice" burden.

A. INEFFECTIVE ASSISTANCE TO SATISFY THE "CAUSE" PRONG

1. Legal Principles Governing Ineffective Assistance.

Ineffective assistance of counsel claims are generally reviewed under the now well-established *Strickland* standard: "Whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064 (1984); *Roe v. Flores-Ortega*, 528 U.S.

470, 471, 120 S.Ct. 1029, 1034 (2000). To succeed on such a claim, a petitioner must first show that his counsel's performance fell below an objective standard of reasonableness. *Id.* at 688, 104 S.Ct. at 1064. The reasonableness of counsel's challenged conduct must be judged "on the facts of the particular case, viewed as of the time of counsel's conduct" and the reviewing court "must strongly presume that counsel has exercised reasonable professional conduct." *United States v. Samples,* 897 F.2d 193, 196 (5th Cir. 1990)(citations omitted).

In order to succeed on this claim, Lozano must establish that trial counsel's actions, "fell below an objective standard or reasonableness" and that 'but for' such unprofessional errors, the outcome would have been different. *United States v. Samples*, 897 F.2d at 196. Lozano fails in both regards.

To prevail on his claims, Lozano must identify the acts or omissions that are outside the wide range of professionally competent assistance and then demonstrate that but for counsel's unprofessional errors the result of the proceeding would have been different. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. A reviewing court must endeavor to eliminate the distorting effects of hindsight and evaluate the facts from counsel's perspective at the time of trial. To this end, the court will indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *Id.* "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable". *Id.* at 690.

The burden falls on the accused to prove a violation of constitutional standards. The focus is on the attorney's impact on the adversarial process; the constitutional standards may be met irrespective of an accused's evaluation. *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039 (1984).

### a. At the plea stage.

"Effective assistance" requires counsel to provide meaningful advice on the facts and law applicable to a plea agreement. *United States v. Hodges*, 259 F.3d 655, 659 (7th Cir. 2001); *United States v. French*, 719 F.2d 387, 389 (11th Cir. 1983). "While it need not be errorless, counsel's advice must be within the realm of competence demanded of attorneys representing criminal defendants". *Jones v. White*, 992 F.2d 1548, 1557 (11th Cir. 1993). In the context of a guilty plea, Lozano must demonstrate that, but for counsel's errors, he would not have plead guilty and would have gone to trial. *Id.* citing *Hill*, 474 U.S. at 59.

### b. Sentencing errors

In the context of sentencing errors, the petitioner must show that he was prejudiced by counsel's ineffective assistance. The prejudice prong, however, is more than just an outcome determinative test; it requires the petitioner to demonstrate that the result of the proceeding was fundamentally unfair or unreliable. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to

which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 843-844 (1993); *Goodwin v. Johnson*, 132 F.3d 162, 174 (5th Cir. 1997).

Even if Lozano demonstrates that his counsel provided constitutionally infirm representation, Lozano must also demonstrate prejudice. Although Lozano need not demonstrate that, absent the error, his sentence would have been "significantly less harsh", he must demonstrate prejudice. "Authority does not suggest that a minimal amount of additional time in prison cannot constitute prejudice. Quite to the contrary, our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance". *Glover v. U.S.* 531 U.S. 198, 203, 121 S.Ct. 696, 700 (2001).

B. <u>LOZANO'S INEFFECTIVE ASSISTANCE CLAIMS</u>

Lozano's "ineffective assistance" claims are premised on several unsupported or incorrect claims.

1. <u>Incorrect Criminal History Findings in PSR.</u>

Lozano does not meet his burden of demonstrating how his criminal history described in PSR 37 and 38 were incorrectly reported in the PSR. Even if Lozano demonstrates the PSR was in error in this regard, Lozano must demonstrate he was prejudiced by such error. Lozano's allegation that he suffered prejudice by this error, is belied by the record. The information contained in paragraphs 37 and 38 did not increase his Criminal History score or result in any increase in Guideline level. Lozano, thus, fails to demonstrate actual prejudice at the trial

level, and therefore fails to demonstrate that his counsel's "failure" to raise the issue at the trial level was "objectively unreasonable". As he fails to demonstrate that the issue represented a viable defensive issue, he necessarily fails the "ineffective assistance" prejudice prong as well.

2. <u>Failure to enforce the plea agreement recommendation of 0-6 months imprisonment.</u>

Lozano's allegation is founded on several false factual premises. Lozano's plea agreement clearly notes it is not binding upon the court pursuant to Rule 11(e)(1)(B) of the FEDERAL RULES of CRIMINAL PROCEDURE (DOC. 6). Even were the agreement binding, the agreement only "requires" that: "the Government will recommend the Defendant be given the full credit for acceptance of responsibility, and be sentenced to the low end of the Guideline level he scores" (PSR 3; DOC. 6). Such recommendation was made and noted in the PSR.

As the premises upon which Lozano's instant complaint is based has no factual or legal support, Lozano's counsel's performance can not be shown to be deficient under *Strickland*. As Lozano has failed to demonstrate that the PSR was incorrect or that he suffered any prejudice, he can show neither "cause" nor "prejudice" by his attorney's "failure" to take such action. Further, Lozano does not allege he is innocent. He, therefore, fails the 'miscarriage of justice' test.

C. <u>LOZANO'S SUBSTANTIVE INVOLUNTARY PLEA CLAIM</u>

1. <u>Legal Principles Governing Involuntary Plea.</u>

Lozano alleges his plea of guilty was involuntary. Lozano inferentially claims that, had he known that the district court was not bound by the plea agreement's recommendation of a sentencing range of between 0-6 months, he would not have plead guilty.

"A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000), *cert. denied*, 532 U.S. 1067, 121 S.Ct. 2220 (U.S. Jun 4, 2001). The terms "voluntary" and "knowing" are frequently used interchangeably, although, strictly speaking, the terms embody different concepts. Compare 1A Charles Alan Wright, FEDERAL PRACTICE and PROCEDURE §172, 142-44 (3d ed.1999)(stating a plea of guilty is not voluntary if it is induced by threats, misrepresentation, unfulfilled promises, or promises of an improper nature), with *Id.* §173, 171-173 (stating that a plea is not knowing unless, among other things, defendant understands "what the maximum possible penalty is, including any potential fine and the effect of any special parole or supervised release term"). *United States v. Hernandez*, 234 F.3d 252, 254-255 (5th Cir. 2000). To be knowing and intelligent, the defendant must have "a full understanding of what the plea connotes and of its consequence." See *Boykin v. Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The defendant need only understand the direct consequences of the plea; he need not be made aware of every consequence that, absent a plea of guilty, would not

otherwise occur. See *Trujillo v. United States*, 377 F.2d 266, 266 (5th Cir. 1967), *cert. denied*, 389 U.S. 899, 88 S.Ct. 224, 19 L.Ed.2d 221 (1967).

First of all, Lozano misconstrues the provisions of the plea agreement. The plea agreement does not state that the government will recommend a sentence of between 0-6 months. The plea agreement only calls for a recommendation from the government that he be sentenced at the "lower end of the guideline level he scores" (DOC 6; PSR 3). Lozano does not herein demonstrate otherwise. The record, thus, demonstrates that Lozano entered his plea voluntarily and that his contention that his plea was not voluntary does not entitle him to §2255 relief. *United States v. Drummond*, 910 F.2d 284, 285-286 (5th Cir. 1990)(although no 'direct' evidence on point, record contained 'conclusive' evidence that plea was voluntary obviating need for hearing); See *Diggs v. United States*, 447 F.2d 460 (5th Cir. 1971).

Again Lozano's claim is premised upon a false belief. Lozano's plea agreement did not provide for a recommended sentence of between 0-6 months, nor was the agreement binding upon the district court. As such, misperceptions forms the sole basis for Lozano's claim his plea was involuntary, such claim fails.

D. THE SENTENCING COURT CORRECTLY APPLIED THE SENTENCING GUIDELINES TO LOZANO'S CASE.

    1. Application of the sentencing guidelines is not a cognizable claim under §2255.

Lozano's contention is essentially that the district court incorrectly applied the sentencing guidelines pursuant to §4A1.1 Criminal History computation does not raise constitutional concerns which are cognizable under §2255. "Non-constitutional claims that could have been raised on direct appeal but were not may not be asserted in a collateral proceeding." *United States v. Payne*, 99 F.3d 1273, 1281 (5th Cir. 1996) (quoting *United States v. Vaughn*, 955 F2d 367, 368 [5th Cir 1992]). Furthermore, technical application or misapplication of the sentencing guidelines does not raise a constitutional issue cognizable under §2255. *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994) (citing *United States v. Vaughn*, 955 F.2d 367, 368 [5th Cir. 1992]). Moreover, since this claim involves an application of sentencing guidelines, which is not a constitutional issue, it should be dismissed.

2.      <u>The trial court correctly applied the Federal Sentencing Guidelines.</u>

Lozano claims that the court erred in increasing his criminal history score by virtue of the offenses described in PSR 37 and 38. Again, Lozano is mistaken that such offenses resulted in an increase in his criminal history or Guideline level. PSR 37 and 38 are contained in the "Other Criminal History" portion of the PSR and do not contribute to any increase in criminal history score, Guideline level or sentence. The district court did not misapply the Guidelines.

3.   Incorrect information as due process violation.

Assuming the information contained within PSR 37 and 38 is incorrect, incorrect information contained within a PSR does not represent a due process violation if the information does not increase the defendant's sentence. *United States v. Heisinger*, 833 F.2d 1269, 1270 (8th Cir. 1987); *United States v. Stevenson*, 573 F.2d 1105, 1108 (9th Cir. 1978).

4.   The Bureau of Prisons is Honoring the Sentence Imposed.

Lozano claims the Bureau of Prisons has computed the instant sentence to run consecutive to Lozano's sentence received in B-97-286. Lozano is again mistaken. According to Stacy Plummer, Legal Instruments Examiner with the Bureau, Lozano's 1997 sentence had been discharged prior to his sentencing in the instant case. The district court's order that the instant sentence run concurrently to the 1997 sentence was unnecessary and a nullity, as the 1997 sentence was then no more. Lozano's instant sentence consists solely of his fifteen-month sentence.

A Section 2255 Motion requires a hearing unless the files, the motion, and the record of the case conclusively show that no relief is appropriate. 28 U.S.C. §2255 (foll.), Rule 8(a). *United States v. Santora*, 711 F.2d 41 (5th Cir. 1983). The need for an evidentiary hearing depends upon an assessment of the record. If the district court cannot resolve the allegations without examining evidence beyond the record, it must hold a hearing. If the record is adequate to fairly dispose of the

allegations, the court need inquire no further. *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990).

Although the allegations of a *pro se* complaint are held to a less stringent standard than the formal pleading drafted by lawyers, if it appears beyond doubt that the plaintiff can plead no set of facts that would entitle him to relief, the cause will be dismissed. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972). The instant cause does not merit a hearing.

The government prays that the court enter an order dismissing Civil Case No. B-02-75.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

By: _____
MARK M. DOWD
Assistant United States Attorney
600 E. Harrison, # 201
Brownsville, Texas, 78520
Tx. Bar # 06070500
Fed ID # 9314

## CERTIFICATE OF SERVICE

I, Mark M. Dowd, do hereby certify that ta copy of the foregoing Respondent's Motion to Dismiss has been mailed on this the 3rd day of JUNE, 2002, via certified mail, return receipt requested to Mr. Joaquin Lozano, *pro se*, Reg # 19716-079, Federal Correctional Institution, Beaumont, Tx 77720-6030

_____
MARK M. DOWD
Assistant United States Attorney