# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# - BROWNSVILLE DIVISION -

United States District Court
Southern District of Texas
ENTERED
JUN 0 7 2002
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| JOAQUIN LOZANO-GUTIERREZ,<br>    Plaintiff-Petitioner,<br><br>VS.<br><br>UNITED STATES OF AMERICA,<br>    Defendant-Respondent. | CIVIL ACTION NO. B-02-075<br><br>CRIMINAL NO. B-01-411 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court is Joaquin Lozano-Gutierrez's ("Lozano") Motion (Docket No. 1) filed pursuant to 28 U.S.C. § 2255 seeking to set aside his post guilty plea fifteen month sentence for escaping from Federal custody. The government has filed a Response and Motion to Dismiss (Docket No. 4) which, for the reasons set forth below, should be granted.

## BACKGROUND

Lozano was indicted on August 14, 2001, in Cause No. B-01-CR-411 and charged with escaping from federal custody in violation of 18 U.S.C. § 751(a) because he had failed to return to Reality Halfway House where he was finishing a sentence imposed in 1998 for possession with intent to distribute cocaine. Following an October 4, 2001, guilty plea, Lozano was sentenced on December 19, 2001 to fifteen months confinement to be served concurrently with the balance of the sentence in the drug case.[1] Lozano did not file a direct appeal.

---

[1] Ironically, Lozano had been scheduled for release on October 5, 2001.

## THE SECTION 2255 PETITION

In his petition, Lozano claims that his plea agreement called for a sentence of 0 to 6 months. He also claims that his PSI incorrectly scored his criminal history and that the Bureau of Prisons records reflect that his sentences are to run consecutively rather than concurrently. None of these claims has merit.

## RECOMMENDATION

Lozano is wrong about his plea agreement. It did not call for a sentence of between 0 and 6 months. The agreement (Docket No. 6 in Cr. No. B-01-411) states that in return for the guilty plea, the government agreed to recommend that Lozano receive credit for acceptance of responsibility and be sentenced at the low end of the Guidelines. The Guideline range was determined by the court to be from 15 to 21 months. Lozano was sentenced to 15 months. The plea agreement was honored.

Lozano is also wrong about his sentence being served consecutively with his original sentence on the drug charge. The government has represented in its Motion to Dismiss that Bureau of Prison records reflect that Lozano's underlying sentence had been discharged prior to his sentencing in the escape case.

Lozano also argues that the Guidelines were improperly applied. Even if this were the case, this claim is not cognizable in a § 2255 proceeding. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

IT IS **RECOMMENDED** that the government's Motion to Dismiss be **GRANTED**. IT IS FURTHER **RECOMMENDED** that JOAQUIN LOZANO-GUTIERREZ's Habeas Petition be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 7th day of June, 2002.

John Wm. Black
United States Magistrate Judge