IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 1 7 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOAQUIN LOZANO-GUTIERREZ, | § | |
| MOVANT-DEFENDANT, | § | |
| VS, | § | CIVIL # B-02-075 |
| UNITED STATES OF AMERICA, | § | CRIM. # 1-01-CR-0411 |
| RESPONDENT. | § | |

---

## MOVANT'S REPLY TO GOVERNMENT'S RESPONSE

COMES NOW movant-defendant Joaquin Lozano-Gutierrez, acting under pro se status with his timely reply to the government's response in opposition of clarification of certain discrepancies in the sentencing proceedings in this matter, movant will show this Honorable Court as follows:

I

### THERE IS A CLAIM OF INNEFECTIVE ASSISTANCE OF COUNSEL.

Movant asserts and the government does not dispute that movant was never provided with a copy of the PSR. This lead not only to his custody classification to be increased from low to maximum penitentiary service of sentence, but also as stated on original motion, to an increase sentence and deprivation of jail time credit from the time of surrender or indictment.

-1-

SURRENDER & INDICTMENT.

Movant failed to return to the half-way house on July ber 20, 2001. The next day movant realized he had made a mistake and contacted the House. On July 26, 2001 he voluntary surrender to the Marshal service, movant remained in-custody pending sentence for escape.

Movant requested trial counsel to inquire as to the status of the original sentence under B-97-286. It turns out to be that before sentencing on this matter on December 19, 2001 and after the guilty plea on October 04, 2001; the original sentence had been discharged on November 22, 2001.

Movant asserts that he was indicted on August 14, 2001 for escape from the half-way house. 18 USC § 751(a). He had surrender to the authorities on July 26, 2001. Twenty (20) days later he was indicted, Fifty four (54) days later found guilty and Fifty (50) days later discharged on old sentence. There is an approximately 124 days jail credit lost in this matter and at least 27 days until sentence. The total jail time credit provided according to B.O.P.  Computation Data is Nov. 23-2001 thru Dec. 18, 2001, 26 days.

|  |  |
|---|---|
| SURRENDER | JULY 26, 2001 |
| INDICTED: | AUG. 14, 2001 |
| DISCHARGED: | NOV. 22, 2001 |
| GUILTY PLEA: | OCT. 04, 2001 |
| SENTENCED: | DEC. 19, 2001 |
| JAIL TIME CREDITS: | 11/23/01 THRU 12/18/2001 |

-2-

Movant asserts and the government does not dispute the fact that both, counsel and respondent should have had informed the sentencing court of the "discharged sentence" in order to provide all jail time credit to defendant.

### THE INCREASE CUSTODY CLASSIFICATION.

Movant additionally asserts that the information that was lodged on the PSR adversely effected the custody classification and placed movant from low to high security level with pending charges lodges on his prison records.

The government argues that such information waived by counsel did not effect the outcome of the proceeding. Movant was never provided with a copy of the PSR and as to this date he has not seen the PSR. It is difficult to reply without personally reading the Guidelines Base Offense Level and the Criminal history classifications.

Movant is currently effected by the information listed under paragraph ¶37-38. Although the government asserts that the information did not increase movant's sentence, it does, however, effected his custody classification and continues to effect.

Movant asserts and the government supports that "Any amount of actual jail time has Sixth Amendment significance". See Gov. Res. at 10. Citing <u>Glover v U.S.</u>, 531 U.S. 198, 203 (2001). There is at least 124 days of jail time credit that could have been credited to the defendant absent counsel's mistakes.

-3-

Movant's 15 months sentence provides for at least 54 days of good time credit, if credited from the indictment, he would be subject to release from prison at the time the court reads this motion.

### THE BASE OFFENSE LEVEL.

Movant relies on the government's assertion of Base Offense Level of 07 with a Crim. Hist. of 13 and a Guideline Sentence of 15-21 months. According to counsel, movant's base USSG § Guideline would be 0-06 months. Whether counsel acted in bad faith or below objective standard remains a question?

### CONCLUSION

Movant persist that his jail time credit was lost due to counsel's mistakes and failure to inquire before sentencing that such time had been discharged or was subject to being discharged. Movant persist that due to counsel's mistakes, he has been subject to serve his sentence at one of the most dangerous prisons in America and movant persist that counsel lied to his true base offense level in order to close the case, including but not limited to the failure to provide movant with copies of the PSR and object to wrongful information listed therein.

WHEREFORE movant prays for all relief including but not limited to all relief the Court deems just and proper.

-4-

CERTIFICATE OF SERVICE

I Joaquin Lozano-Gutierrez hereby declare to have served below listed parties:

United States Department of Justice

A.U.S.A. Mark M. Dowd

600 E. Harrison # 201

Brownsville, Texas 78520

—————

Clerk of the Court

EXECUTED this _13_ day of June 2002.

RESPECTFULLY PRESENTED this _13_ day of June 2002 pursuant to the prison legal mail procedures set forth under Houston v Lack, 287 U.S. 266 (1988) and on this day I declare to have served the Clerk of the Court with an original and two copie s of movant's reply.

Joaquin Lozano-Gutierrez
Reg. No. 19716-079
United States Penitentiary
P.O. Box 26030 D/B Unit
Beaumont, Texas 77720-6030

c.c. files

-5-